IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-329-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| BRIAN KEITH BERRY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a deputy United States Marshal. Defendant did not present any evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a one-count indictment on 17 December 2013 with failure to register as a sex offender on or about 25 September 2012 and continuing until at least 18 October 2013 in violation of 18 U.S.C. § 2250. The evidence presented at the hearing showed that in January 2013 in New Jersey state court defendant, then 33 years old, was convicted of endangering the welfare of a child, a 5-year-old girl, by, among other things, sexually molesting

her. He served over a year and a half in prison, and was required to register as a sex offender for the rest of his life.

In 2008, defendant was convicted in New Jersey state court of failing to register there. He last registered in New Jersey in February 2012. In March 2013, New Jersey authorities issued a warrant for defendant's arrest for failure to register. In October 2013, the United States Marshals Service determined that defendant had been living in Connecticut for several months, but had left. Authorities subsequently determined that, in or before August 2013, defendant had moved to North Carolina, where he was found living with a girlfriend and minor children of hers. In subsequent statements to authorities, defendant admitted that he knew he was required to register in Connecticut and then North Carolina, but chose not to do so to avoid being extradited to New Jersey to face the charges there.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons[1]: evidence showing that the government has a strong case, including the evidence reviewed above; the nature of the offense charged as relating to sexual abuse of a minor; the circumstances of the offense charged, including defendant's admitted interstate flight to avoid prosecution and his situating himself in North Carolina in a home with minor children; defendant's criminal record, including eight felony convictions, three misdemeanor convictions, and commission of at least two offenses while on probation; the danger of continued offense conduct by defendant potentially endangering minors if he is released; the absence of a proposed third-party custodial arrangement; and the other findings and reasons stated in open court.

---

[1] There is a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(E) if the judicial officer finds that there is probable cause to believe that the defendant committed various offenses involving minor victims, but violation of 18 U.S.C. § 2250 is not among such offenses.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 4th day of March 2014.

_____
James E. Gates
United States Magistrate Judge